# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT BRUCE SCOTT,

    *Plaintiff,*

vs.

    Case No. 2:22-cv-02110-EFM

MORGAN & ASSOCIATES, P.C. &
BOBBY G. IRBY,

    *Defendants.*

## MEMORANDUM AND ORDER

Before the Court is Defendants Morgan & Associates, P.C.'s and Bobby G. Irby's Motion for Judgment on the Pleadings (Doc. 15). In this Motion, Defendants seek judgment on the pleadings against pro se Plaintiff Robert Bruce Scott's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Specifically, Plaintiff has alleged violations of §§ 1692d, 1692e, and 1692g. Because the facts are undisputed and the law under Tenth Circuit precedent is clear, Defendants are entitled to judgment on each of Plaintiff's claims.

I.     **Factual and Procedural Background**[1]

This case is about debt collection.  Through his use of a Citibank, N.A. credit card, Plaintiff incurred $54,138.33 in debt as of May 2020.  Plaintiff stopped making credit card payments on his balance of $49,822.82 in October 2019, with interest and late fees comprising the rest of Plaintiff's debt.  Citibank hired Defendants as debt collectors to collect this debt from Plaintiff.

On January 10, 2022, Plaintiff received a notice regarding Defendants' attempt to collect the debt owed to Citibank.  The next day, Plaintiff sent Defendants a notice of dispute and demand for validation under 15 U.S.C. § 1692g(b).  Defendants responded on February 1, 2022, with a 48-page document detailing Plaintiff's credit card number for his Citibank account, the original credit card agreement, the last four digits of Plaintiff's account number, and 12 monthly itemized billing statements from Citibank showing Plaintiff's credit card purchases, payments, fees, and interest from June 2019 until May 2020.

In response, Plaintiff filed his Complaint pro se, with Defendants' validation letter attached, alleging that Defendants have violated the FDCPA because their validation letter had failed to properly validate the debt as required by § 1692g(b).  Plaintiff also asserted claims for harassment and abuse under § 1692d and false or misleading representations under § 1692e.  However, Plaintiff did not plead any separate facts to support either of these claims other than Defendants' alleged violation of § 1692g(b).  Defendants thereafter brought the present Motion, seeking judgment on each of Plaintiff's claims.

---

[1] The facts are taken from Plaintiff's Complaint and the attached documents and are considered true for the purpose of this Order.

## II. Legal Standards

### A. Rule 12(c)—Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed as long as the motion is made early enough not to delay trial. The standard for dismissal under Rule 12(c) is the same as a dismissal under Rule 12(b)(6).[2] To survive a motion for judgment on the pleadings, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[3] All reasonable inferences from the pleadings are granted in favor of the non-moving party.[4] Judgment on the pleadings is appropriate when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[5] Documents attached to the pleadings are exhibits and may be considered in deciding a Rule 12(c) motion.[6]

### B. Pro se plaintiffs

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[7] A pro se litigant is entitled to a liberal construction of his pleadings.[8] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could

---

[2] *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[4] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (citation omitted).

[5] *Id.* (quotations marks and citation omitted).

[6] *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013).

[7] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[8] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements."[9] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[10] As it relates to motions for judgment on the pleadings generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[11] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inferences that the defendant is liable for the misconduct alleged."[12]

### III.  Analysis

**A.  Defendants provided sufficient validation of Plaintiff's debt under Tenth Circuit precedent interpreting 15 U.S.C. § 1692g.**

The crux of this case is whether Defendants' validation letter met 15 U.S.C. § 1692g's validation standards. If so, all of Plaintiff's claims are without merit. Under the Tenth Circuit's interpretation of § 1692g(b)'s verification requirement, Defendants are entitled to judgment on this claim.

Section 1692g, addressing validation of debts, allows a debtor to dispute the alleged debt in writing upon receiving notice of it.[13] Once that is done, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.*

[11] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *See* 15 U.S.C. § 1692g(b).

or a copy of a judgment . . . and a copy of such verification or judgment . . . is mailed to the consumer by the debt collector."[14]

Pointing to the language in § 1692g(b) requiring "verification" of a debt upon the debtor's request, Plaintiff contends that because Defendants did not include an affidavit or otherwise sworn statement along with its validation letter, Defendants did not "verify" his debt. In making this argument, Plaintiff relies upon Black's Law Dictionary, which defines "verification" as:

> A formal declaration made in the presence of an authorized officer, such as a notary public, or (in some jurisdictions) under oath but not in the presence of such an officer, whereby one swears to the truth of the statements in the document. Traditionally, a verification is used as a conclusion for all pleadings that are required to be sworn.[15]

However, this definition is beside the point. Dictionary definitions, while helpful, are not nearly as important to a district court as circuit court precedent interpreting a specific statute.[16] Indeed, the Tenth Circuit has opined on this very issue in *Maynard v. Cannon*,[17] relying heavily on *Chaudhry v. Gallerizzo*,[18] *Maynard*'s Fourth Circuit progenitor.[19] There, the Tenth Circuit interpreted § 1692g(b) as merely requiring the debt collector to identify the loan amount and the original lender.[20] This is because § 1692g(b) "is not intended to give a debtor a detailed accounting of debt to be collected."[21] Rather, "consistent with the legislative history, verification [under

---

[14] *Id.*

[15] *Verification*, *Black's Law Dictionary* (11th ed. 2019).

[16] *See Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 782–783 (6th Cir. 2014) (quoting *Random House Unabridged Dictionary* 2113 (2d ed.1993), which lists differing definitions for "verification," not just sworn statements, and finding it inapplicable to interpreting § 1692g(b)).

[17] 401 F. App'x 389 (10th Cir. 2010).

[18] 174 F.3d 394 (4th Cir.1999).

[19] *See Maynard*, 401 F. App'x at 396–97.

[20] *Id.* at 397.

[21] *Id.*

§ 1692g(b)] is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."[22]  As elsewhere stated by the Tenth Circuit, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed."[23]

District courts in the Tenth Circuit have consistently applied *Maynard*'s fairly low standard when addressing claims for improper validation under § 1692g(b).  For instance, the District of New Mexico held that under *Maynard*, "Defendants satisfied their obligation to verify the debt under the FDCPA" when they "obtain[ed] a copy of Plaintiff's most recent Discover [credit card] statement."[24]  Similarly, the District of Utah, applying *Maynard* and *Chaudhry*, held that under § 1692g's verification requirement, "[a] debt collector is not required to forward copies of bills or other detailed evidence of the debt."[25]  Rather, a debt collector satisfies § 1692g "by providing [credit card] statements dating back to when [the debtor] fell behind on his payments."[26]

Here, Plaintiff disputed Defendants' debt collection efforts and requested validation of his debt.   In response, Defendant provided Plaintiff's name, credit card and account number, the original credit card agreement, and itemized billing statements from June 2019 until May 2020. The statements clearly outlined Plaintiff's failure to make any payments on his card starting in October 2019 until the entire amount of $54,138.33 came due in May 2020, which demonstrates the basis of Defendants' debt collection efforts.  These facts are nearly identical to those faced by

---

[22] *Id.* (further citation, quotations, and brackets omitted).

[23] *Lee v. Cohen, McNeile & Pappas, P.C.*, 520 F. App'x 649, 651 (10th Cir. 2013) (quoting *Chaudhry*, 174 F.3d at 406 with approval).

[24] *Martinez v. Guglielmo & Assocs., PLLC*, 2014 WL 12597409, at *5 (D.N.M. 2014).

[25] *Martinez v. Johnson*, 2013 WL 1031363, at *12 (D. Utah 2013).

[26] *Id.*

this Court's sister courts where debt collectors were held to provide sufficient validation. In fact, Defendants have gone even further than most by providing a year's worth of billing statements. This is more than sufficient to alert Plaintiff to whether Defendants were trying to collect a debt from the wrong person and to confirm that Defendants were demanding the amount the creditor, here Citibank, claims Plaintiff owes. Therefore, the Court concludes that under *Maynard*, Defendants provided sufficient verification of Plaintiff's debt.

Plaintiff briefly mentions an alternative standard proffered by the Sixth Circuit in *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*.[27] While *Haddad*'s higher standard may have merit in its own right, this case is necessarily less important to this Court than anything issued by the Tenth Circuit. When the Tenth Circuit speaks, this Court does well to listen carefully. Therefore, the Court declines to analyze Defendants' validation letter under *Haddad*.

**B.   Plaintiff's claims for violations of § 1692d and § 1692e fail because they rely solely on Defendants' alleged failure to properly verify Plaintiff's debt under § 1692g(b).**

In his Complaint, Plaintiff also brings claims against Defendants for harassment under § 1692d and for false and misleading representations under § 1692e. Plaintiff's Complaint makes clear that the only factual basis pleaded as the basis for these claims is the alleged violation of § 1692g(b). As discussed above, Defendants did not violate § 1692g(b). Without any other alleged conduct upon which Plaintiff's claims may go forward, Plaintiff has not plausibly alleged any violation of § 1692d or § 1692e. Accordingly, Defendants are entitled to judgment on these claims.

---

[27] 758 F.3d 777 (6th Cir. 2014).

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 15) is **GRANTED.**

**IT IS SO ORDERED.**

This case is closed.

Dated this 14th day of December, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE